OPINION OF THE COURT
Richard L. Buchter, J.
*871 In Crawford v Washington (541 US —, 124 S Ct 1354 [2004]), the United States Supreme Court held that the Confrontation Clause of the Federal Constitution was directed at the use of ex parte examination of witnesses against a defendant in a criminal trial. In a lengthy and historical analysis, the Supreme Court held that the Sixth Amendment Confrontation Clause bars the use of “testimonial” hearsay statements unless the declarant is unavailable and the defendant was afforded a prior opportunity for cross-examination. The term “testimonial,” as used in this decision, “applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and to police interrogations.” (Crawford, 541 US at —, 124 S Ct at 1374; see also People v Moscat, 3 Misc 3d 739 [2004].)
In this motion in limine, the People seek inter alia to introduce as evidence-in-chief at trial the redacted plea allocutions of the codefendants, which allocution predated Crawford, on the ground that the plea allocutions are admissible at trial under the recognized exception to the hearsay rule as declarations against penal interest. The issue presented is what impact the recent United States Supreme Court decision in Crawford has on the use of such plea minutes and whether Crawford must be applied retroactively under these circumstances.
Initially, with regard to the question of retroactivity, a decision of the United States Supreme Court is given retroactive effect in criminal cases when it affects the fact or truth finding process itself, i.e., the determination of guilt or innocence, and, as such, is constitutional in nature (Brown v Louisiana, 447 US 323 [1980]; People v Morales, 37 NY2d 262 [1975]; cf. People v Martello, 93 NY2d 645 [1999]). Herein, the use of the plea minutes as sought by the People is such an instance. Even though the alleged incident itself and the allocutions sought to be admitted at trial predate the decision of the Supreme Court in Crawford, this court must apply the Crawford rule relative to the question of their introduction as evidence-in-chief at trial. Clearly, to hold otherwise would deprive the defendant of his constitutional guarantee to the right of confrontation at trial under the Sixth Amendment in light of Crawford’s view of the Confrontation Clause.
In conclusion, based upon the analysis of Crawford and the facts of the instant matter, this court holds that the proposed use by the People of the plea minutes of the codefendants is testimonial in nature. Therefore, the use of the minutes as *872 proposed, by the People, without the codefendants being called as witnesses, would be violative of the Confrontation Clause. Accordingly, the plea minutes may not be used against defendant Carrier! at trial even though they may well be an exception to the hearsay rule as a declaration against penal interest.
Accordingly, the People are precluded from offering the plea minutes of the codefendants as evidence-in-chief at trial as violative of the Confrontation Clause.